**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **SEGUNDO RODRIGO MOROCHO SANTOS,**<br><br>   **Petitioner,**<br><br>  **v.**<br><br>**DAVID WESLING, et al.,**<br><br>   **Respondents.** | **Civil Action No.**<br>**26-cv-11263-FDS** |

**MEMORANDUM AND ORDER ON PETITION**
**FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings.[1] Petitioner Segundo Rodrigo Morocho Santos is a citizen of Ecuador who unlawfully entered the United States in 2012. He then applied for asylum.

On January 6, 2026, he was taken into ICE custody. Petitioner contends that his

---

[1] The petition names David Wesling, Director, Boston Field Office, Enforcement and Removal Operations for U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; the U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; the Executive Office for Immigration Review; and Antone Moniz, Superintendent, Plymouth County Correctional Facility. The Court notes that on March 24, 2026, Markwayne Mullin assumed the office of U.S. Secretary of Homeland Security, and he is therefore automatically substituted as a defendant pursuant to Fed. R. Civ. P. 25(d).

Regardless, Moniz, as "the person who has custody over [the petitioner]," is the only possible proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

continued detention without a bond hearing violates his Fifth Amendment right to due process and the Immigration and Nationality Act.  In addition to declaratory relief, he seeks immediate release or, in the alternative, an individualized bond hearing.

## I.    Background

Segundo Rodrigo Morocho Santos is a citizen of Ecuador.  (Dkt. No. 1 ¶ 37).  He unlawfully entered the United States in March 2012.  (*Id.*).  He has since applied for asylum.  (*Id.* ¶ 38).  He has no criminal convictions.  (*Id.* ¶ 39).

On January 6, 2026, ICE arrested and detained petitioner.  (*Id.* ¶ 40).  He remains detained at Plymouth County Correctional Facility in Plymouth, Massachusetts.  (*Id.*).

On March 13, 2026, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1).  The petition contends that his detention without a bond hearing violates his Fifth Amendment right to due process and the Immigration and Nationality Act.  It also alleges that he is entitled to relief as a member of the *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and *Guerrero Orellana v. Moniz*, 2025 WL 3687757 (D. Mass. Dec. 19, 2025), classes.

On March 16, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4).  Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief.  (*Id.*).

On March 19, 2026, respondents answered the petition.  (Dkt. No. 6).  They concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*," and "[s]hould the Court follow its reasoning in *De Andrade*, it would

reach the same result here."  (*Id.* at 1).

## II.     <u>Analysis</u>

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by over 160 different judges), noncitizens who unlawfully entered the United States but have resided in the country for some time are ordinarily subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b).  *But see Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof.  *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention").  His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241(c)(3).  The Court will therefore grant his petition.  Accordingly, the Court need not resolve what effect the declaratory judgments in *Maldonado Bautista* and *Guerrero Orellana* have on this action.

**IV.**    <u>**Conclusion and Order**</u>

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a bond hearing no later than April 7, 2026.  The claims against respondents David Wesling, Markwayne Mullin, Pamela Bondi, the U.S. Department of Homeland Security, and the Executive Office for Immigration Review are DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  April 2, 2026                United States District Court Judge

4